## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| QUINCEY METANYA BEASLEY, )<br><br>Plaintiff, )<br><br>vs. )<br>)<br>PROGRESSIVE NORTHWESTERN )<br>INSURANCE COMPANY, )<br>CCS, LLC, a/k/a CCS COMMERCIAL, )<br>LLC, and ALONDRA MENDOZA )<br>GUTIERREZ, )<br>)<br>Defendants. )<br>_____) | Case No. 14-2543-JAR-GLR |

### MEMORANDUM AND ORDER

This matter was removed from Wyandotte County, Kansas District Court on October 23, 2014.  Before the Court is Plaintiff's Motion to Remand (Doc. 18), in which she argues that Defendants failed to comply with the removal procedures by each consenting to removal, and that Defendant Alondra Mendoza Gutierrez's citizenship destroys this Court's subject matter jurisdiction.  In connection with this motion, the Court also considers Plaintiff's Motions to Stay Deadlines (Doc. 20, 21) on the Defendants' pending motions to dismiss, as well as Plaintiff's Motion for Attorney Fees and Costs Pursuant to 28 U.S.C. § 1447(c) (Doc. 22).  The motions are fully briefed and the Court is prepared to rule.  As described more fully below, the motion to remand is denied, therefore Plaintiff's request for attorney fees and costs is moot.  Plaintiff shall respond to the motions to dismiss within twenty-one days of this Order.

### I.       Background

Plaintiff Quincey Beasley filed her state court Petition on September 29, 2014, seeking declaratory relief that she is not liable for a car accident that occurred on March 3, 2014, and a

separate claim for damages, civil penalties, and attorneys' fees associated with deceptive acts and practices under the Kansas Consumer Protection Act ("KCPA").[1]

The following facts are alleged in the Petition or Notice of Removal and assumed to be true for purposes of deciding this motion.  On March 3, 2014, an uninsured motorist operating Plaintiff's vehicle collided with a vehicle owned and operated by Defendant Gutierrez, causing property damage to Gutierrez's vehicle.  Because Plaintiff could not provide proof of financial responsibility, the Director of Vehicles suspended her driving privileges and vehicle registration on July 8, 2014.  Plaintiff later purchased liability insurance for her vehicle and paid a reinstatement fee, but in order to have her driving privileges reinstated, she also must produce either (1) an agreement with the other party to pay for personal property damages; (2) a release of liability; or (3) a judgment of non-liability from the district court located in the district where the accident occurred.

Defendant Progressive Northwestern Insurance Company ("Progressive") insured Gutierrez's vehicle and has asserted a subrogation claim against Plaintiff in the amount of $4554.40, the amount it has paid to Gutierrez.  Progressive retained CCS, LLC a/k/a CCS Commercial, LLC ("CCS") to collect on the subrogation claim.  Plaintiff cannot afford to pay this claim to Progressive, and has been unable to obtain reinstatement of her driving privileges as a result.  On August 8, 2014, in exchange for a release of liability, Defendants demanded that Plaintiff sign a promissory note for the full amount it paid on the claim, plus Progressive's attorney fees and costs.  But Plaintiff would not sign the note, claiming that it contained false statements that she had been found liable or assumed liability for the March 3 accident.

---

[1]Doc. 1, Ex. A.

Plaintiff alleges that Defendants wrongfully and recklessly pursued a subrogation claim against her and misrepresented to her that she must admit liability in order to obtain a release.

Plaintiff served all three Defendants with a copy of summons and the Petition on October 1, 2014.  Defendant Progressive filed its Notice of Removal on October 23, 2014.  Progressive states in the Notice of Removal that its counsel also represents Defendant Gutierrez, who consents to removal.  It further states that "CCS was served" on October 1, 2014 and has consented to removal.  Progressive is a citizen of Ohio, and CCS is a citizen of Massachusetts. The Notice of Removal alleges that although Defendant Gutierrez is a citizen of Kansas, she was fraudulently joined in this matter to defeat diversity jurisdiction.  Progressive alleges that the insurer is the real party in interest because it has fully satisfied the claim of its insured.

On November 3, 2014, Defendant Gutierrez filed a Motion to Dismiss, seeking dismissal because she is not the real party in interest given the subrogation agreement.  Progressive and CCS each filed a motion to dismiss Count 2 of the Petition, arguing that the KCPA claim must be dismissed because the facts do not involve a "consumer transaction" under the statute.  The next day, Plaintiff filed the instant Motion to Remand.  In her motion she argues for remand on two grounds: (1) lack of removal jurisdiction because the parties are not completely diverse under 28 U.S.C. § 1446 and 1332; and (2) the removal procedure was defective because neither Gutierrez nor CCS filed a timely written consent to removal.  Plaintiff also sought to stay the response deadlines to the motions to dismiss pending a ruling on her motion to remand.  On November 19, 2014, Defendant CCS filed a Notice of Consent and Joinder of Removal, in which it explicitly consented in writing to removal.[2]

---

[2]Doc. 28.

3

## II.    Discussion

Federal courts are required to remand a case to state court "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction."[3]  To avoid remand, a defendant must show that the action satisfies the requirements for federal jurisdiction.[4]  Because federal courts "are courts of limited jurisdiction, there is a presumption against federal jurisdiction."[5]  Therefore, courts must resolve doubtful cases in favor of remand.[6]  Defendants bear the burden of proving facts sufficient to establish jurisdiction.[7]

Remand is generally improper if the defendant properly removed a case to federal court that the plaintiff could have originally filed in federal court.[8]  Federal courts are courts of limited jurisdiction, and as such they must have a statutory or constitutional basis to exercise jurisdiction over any controversy.[9]  Under 28 U.S.C. § 1332(a), federal district courts have original jurisdiction of civil actions where complete diversity of citizenship and an amount in excess of $75,000 (exclusive of interest and costs) in controversy exists.  Removal jurisdiction over

---

[3]28 U.S.C. § 1447(c).

[4]*See Montoya v. Chao*, 296 F.3d 952, 955 (10th Cir 2002) ("The burden of establishing subject-matter jurisdiction is on the party asserting jurisdiction.").

[5]*Frederick & Warinner v. Lundgren*, 962 F. Supp. 1580, 1582 (D. Kan. 1997) (citing *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974)).

[6]*Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995).

[7]*McPhail v. Deere & Co.*, 529 F.3d 947, 953 (10th Cir. 2008);  *Martin v. Franklin Capital Corp.*, 251 F.3d 1284, 1290 (10th Cir. 2001).

[8]*Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).

[9]*Montoya*, 296 F.3d at 955; *see also United States v. Hardage*, 58 F.3d 569, 574 (10th Cir. 1995) ("Federal courts have limited jurisdiction, and they are not omnipotent.  They draw their jurisdiction from the powers specifically granted by Congress, and the Constitution, Article III, Section 2, Clause 1." (internal quotation omitted)).

diversity cases is more limited than jurisdiction over diversity cases originally brought in federal court because removal based on diversity is available only if none of the defendants is a citizen of the state in which the action is brought.[10]

"The courts must rigorously enforce Congress' intent to restrict federal jurisdiction in controversies between citizens of different states."[11]  The presumption is thus against removal jurisdiction,[12] and courts must refrain from exercising jurisdiction in all cases where such jurisdiction does not affirmatively appear on the record.[13]  Statutes conferring both diversity and removal jurisdiction are to be strictly construed, and "[d]oubtful cases must be resolved in favor of remand."[14]

In addition to a lack of subject matter jurisdiction, defects in the removal procedure are grounds for remand if the motion is filed within thirty days after removal.[15]  This type of defect is procedural and not jurisdictional.[16]  In a case such as this one that is removed solely under § 1441(a), the statute requires "all defendants who have been properly joined and served" to "join in or consent to the removal of the action."[17]  The failure of all defendants to join in the removal

---

[10]28 U.S.C. § 1441(b).

[11]*Miera v. Dairyland Ins. Co.*, 143 F.3d 1337, 1339 (10th Cir. 1998) (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288 (1938)).

[12]*Frederick & Warinner v. Lungren*, 962 F. Supp. 1580, 1582 (D. Kan. 1997) (citing *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974)).

[13]*Ins. Corp of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702 (1982).

[14]*Thurkill v. Menninger Clinic, Inc.*, 72 F. Supp. 2d 1232, 1234 (D. Kan. 1999) (citing *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995)).

[15]28 U.S.C. § 1447(c).

[16]*Farmland Nat'l Beef Packing Co., L.P. v. Stone Container Corp.*, 98 F. App'x 752, 756 (10th Cir. 2004).

[17]28 U.S.C. § 1446(b)(2).

petition, often referred to as the unanimity requirement, is one type of procedural defect that could justify remand.[18]  An exception to the unanimity rule exists for nominal, unknown, unserved, or fraudulently joined defendants.[19]  The Tenth Circuit has not yet ruled on the form of consent required by a non-removing defendant in removal cases.  Other circuit courts are split on whether the consent requirement may be met by representations from counsel for the removing defendant that all co-defendants consent.[20]  Judges in this district have held that to "join" in the removal is to support it in writing.[21]  The removing party's representation in a notice of removal that other defendants consent is generally not enough to establish that they join in the removal.[22]

### A.   Defendant Gutierrez

Plaintiff argues for remand because (1) Defendant Gutierrez is a citizen of Kansas so the parties are not completely diverse for purposes of removal jurisdiction; and (2) the removal is procedurally defective because Gutierrez failed to separately file a written consent to the removal.  Progressive has responded to the motion to remand, and reiterates the arguments in the Notice of Removal that neither Gutierrez's citizenship nor consent should be considered because

---

[18]*See Sheet Metal Workers Int'l Ass'n, AFL-CIO v. Seay*, 693 F.2d 1000, 1005 n.8 (10th Cir. 1982) (citing *Cornwall v. Robinson*, 654 F.2d 685, 686 (10th Cir. 1981)); *Henderson v. Holmes*, 920 F. Supp. 1184, 1186 (D. Kan. 1996).

[19]*See, e.g.*, *Raizada v. Auto Gallery Motorcars-Beverly Hills, LLC*, No. 12-2546-KHV, 2013 WL 615349, at *2 (D. Kan. Feb. 19, 2013); *Klima Well Serv., Inc. v. Hurley*, No. 14-1250-SAC, 2014 WL 6819463, at *2 (D. Kan. Dec. 2, 2014).

[20]*See Proctor v. Vishay Intertechnology Inc.*, 584 F.3d 1208, 1224–25 (9th Cir. 2009) (collecting cases).

[21]*Wakefield v. Olcott*, 983 F. Supp. 1018, 1021 (D. Kan. 1997); *Henderson*, 920 F. Supp. at 1186; *Raizada*, 2013 WL 615349, at *2; *Propane Res. Supply & Mktg., LLC v. G.J. Creel & Sons, Inc.*, No. 12-2758-JTM, 2013 WL 1446784, at *4 (D. Kan. Apr. 9, 2013).

[22]*Henderson*, 920 F. Supp. at 1186. *But see Smith v. McCormick-Armstrong Co.*, No. 12-4065-JWL, 2012 WL 4839918, at *1 (D. Kan. Oct. 11, 2012) (accepting representation of attorney for defendants that both of its clients consented to removal).

she is either nominal or fraudulently joined.  Progressive argues that Gutierrez is not the real party in interest in this case because she assigned all of her rights associated with respect to the vehicle accident to Progressive.

The Tenth Circuit has explained that in determining diversity of citizenship, the Court only looks to the real parties in interest.[23]  "[T]he presence of a nominal party with no real interest in the controversy will be disregarded.  Jurisdiction is not ousted by the joinder or nonjoinder of mere formal parties."[24]  Under Kansas law, which applies to Plaintiff's claims, a subrogee is the only real party in interest if it has paid the entire loss suffered by the insured.[25]  According to the Petition, Progressive paid Gutierrez on the accident claim and, in return, Gutierrez assigned all of her rights against Plaintiff to Progressive.  Plaintiff argues in her motion that on August 25, 2014, her counsel wrote a letter to Gutierrez, explaining that Plaintiff was not liable with respect to the accident and asking her to execute a release of liability.  Plaintiff argues that the failure of any of the three named defendants to release her from liability forms the basis of her claims in this case.

The Court disagrees that Plaintiff's counsel's letter to Gutierrez somehow converts this defendant into a real party in interest in light of her status as an undisputed subrogor.  First, these allegations are not included in the Petition, and the Court must judge the propriety of removal based on the Petition filed in state court, as it stood at the time of removal.[26]  And even assuming

---

[23]*Hann v. City of Clinton, Okla. ex rel. Schuetter*, 131 F.2d 978, 981 (10th Cir. 1942).

[24]*Id.*

[25]*See, e.g.*, *Appalachian Ins. Co. of Providence v. Betts*, 518 P.2d 385, 387 (Kan. 1974).

[26]*Pfeiffer v. Hartford Fire Ins. Co.*, 929 F.2d 1484, 1488–89 (10th Cir. 1991).

the Court should consider such facts, Gutierrez could not release Plaintiff from liability even if she wanted to given that she was fully compensated for her loss and maintained no interest in any claim against Plaintiff with respect to the accident.[27]  The Court finds that under Kansas law, Gutierrez is not the real party in interest in this matter and therefore, the Court need not consider her citizenship for purposes diversity jurisdiction.  Likewise, her separate, written consent to removal was not required.[28]

### B.     Defendant CCS

Because the Court finds that Gutierrez is a nominal party to this action, there is no jurisdictional basis left for remand and the Court must only decide whether the case should be remanded because CCS failed to file a separate, written consent to removal within thirty days of service.  Under § 1446, each defendant must consent within thirty days after receipt by or service on that defendant.[29]  It is undisputed that CCS did not file a written and signed consent, separate from its Answer, until November 19, 2014, more than thirty days after October 1, 2014, when Plaintiff alleges CCS was properly served.  In this case, the Answer may not serve as a separate, written consent because it does not include an unambiguous statement of consent.[30]  It merely acknowledges that Progressive has removed this matter.  The mere fact that CCS filed an

---

[27]*Id.*

[28]*See, e.g.*, *Dodson Aviation, Inc. v. HLMP Aviation Corp.*, No. 08-4102-EFM, 2009 WL 1036123, at *2 (D. Kan. Feb. 12, 2009) (finding party nominal for removal purposes where defendant had no interest in the controversy; consent not required).

[29]28 U.S.C. § 1446(b)(2)(B) (as amended in 2011); *see Klima Well Serv., Inc. v. Hurley*, No. 14-1250-SAC, 2014 Wl 6819463, at *3 (D. Kan. Dec. 2, 2014) (discussing statutory amendment that replaced first-served rule with last-served rule).

[30]Doc. 14.

Answer is not enough for this Court to infer consent.[31]

Defendants argue that the Court should decline to follow this district's precedent requiring a separately-filed written consent and, instead, accept the representation made by Progressive in the Notice of Removal that CCS consented to and joined in the removal on the date it was filed.  The parties have submitted an affidavit from CCS's counsel that she reviewed the Notice of Removal before it was filed and consented to the removal.[32]  The Court declines to disavow the rule followed in this district that a removing co-defendant must file a separate, written, consent.  Defendants urge the Court instead to follow the lead of the District of New Mexico, which has rejected the separate, written consent rule in favor for a more liberal reading of the removal statute.[33]  Of course, this authority it not binding on this Court.  Notably, that court acknowledged the lack of authority from the Tenth Circuit on this issue, as well as the fact that its reading is "contrary to the weight of authority on this subject."[34]  The Court does not find the separate consent rule to be burdensome.  Instead, it removes any doubt that each defendant intends to be bound by the jurisdiction of the court.[35]  The Court therefore, declines Defendants' invitation to follow another district's case law in contravention of the long-standing rule in this district requiring separate, written consent.

Next, CCS urges that it was not properly served, so the thirty-day consent period did not

---

[31]*Henderson*, 920 F. Supp. at 1187 (citing *Landman v. Borough of Bristol*, 896 F. Supp. 406, 408 (E.D. Pa. 1995)).

[32]Doc. 25-1.

[33]*Tresco, Inc. v. Cont'l Cas. Co.*, 727 F. Supp. 2d 1243, 1255 (D.N.M. 2010).

[34]*Id.*

[35]*See Henderson*, 920 F. Supp. at 1187 n.2.

begin to run until it filed its Answer on November 4, when it formally waived service.  But the Court is unable to find that Progressive, as the removing party, has met its burden of showing that CCS was improperly served, and therefore was not required to consent within thirty days of October 1.[36]  In the Notice of Removal, Progressive represented that both Progressive and CCS were served on October 1.  Progressive attached to its Notice of Removal a receipt from FedEx showing that the summons and Petition were delivered to "CCS, LLC aka CCS Commercial" at Two Wells Avenue in Newton, Massachusetts on October 1, 2014, and signed for by M. Diane.[37]  Defendants have provided the Court with no evidence that "CCS Commercial, LLC d/b/a Credit Collection Services Commercial," the purportedly correct Defendant, did not receive this service.  In fact, CCS concedes that it "was made aware of the lawsuit."  Moreover, it is undisputed that the a/k/a listed for "CCS, LLC," is the proper name of the entity appearing in this matter and that the proper Defendant's address is the address in Newton, Massachusetts, where M. Diane accepted service on October 1, 2014.  The Court finds that on this record, any mistake in serving the wrong entity was a technical one that shall not be treated as improper service in this context.[38]  The only evidence in the record suggests that the proper CCS entity received service of the Petition and summons on October 1.  Therefore, Progressive has failed to

---

[36]*See Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347–48 (1999) (requiring formal service to trigger the thirty-day removal clock).

[37]Doc. 1-2 at 29.

[38]*See Sawyer v. USAA Ins. Co.*, 839 F. Supp. 2d 1189, 1226 n.22 (D.N.M. 2012) (misnomer mistakes need not be treated as grounds for dismissal); *Aranda v. Foamex*, 884 F. Supp. 2d 1186, 1210–11 (D.N.M. 2012) (same in context of removal); *Brown v. N.J. Mfrs. Ins. Grp.*, 322 F. Supp. 2d 947, 952 (M.D. Tenn. 2004) (finding removal proper where named defendant and proper defendant shared address and telephone number, and proper defendant did not assert it was unaware of the litigation).  The facts of this case are distinguishable from *Robinson v. Dolgencorp, LLC*, No. 13-0001-CVE, 2013 WL 789611, at *3 (N.D. Okla. Mar. 4, 2013), where the proper defendant was not served with process and therefore was not entitled to remove the action.

meet its burden of showing that all properly joined and served defendants joined in or consented to the removal within thirty days of service.[39]

Nonetheless, the Court must determine whether this procedural defect may be cured by the untimely November 19 consent, which was written and filed separately from the Notice of Removal and Answer.  Because the requirement that non-removing defendants separately consent is non-jurisdictional, it is subject to cure.[40]  While 28 U.S.C. § 1447(c) mandates remand at any time before final judgment if the Court lacks subject matter jurisdiction, it does not mandate remand for a procedural defect.  While the Court may remand based on a procedural defect, it is not required to remand under the language of the statute.[41]

The Court finds that under the facts of this case, CCS's late-filed consent should be accepted.  As previously explained, the goal of the unanimity rule is that the Court be assured all parties consent to federal jurisdiction.[42]  The requirement of separate, written consent provides a record that the non-removing defendant is bound.[43] The goal of the rule is met in this case.  CCS filed its separate consent seventeen days after the deadline, unambiguously joining in Progressive's removal.  Counsel for CCS has attested that she reviewed the Notice of Removal,

---

[39]*See, e.g.*, *McDonald v. BAM, Inc.*, No. 13-2048-KHV, 2013 WL 12150, at *3 (D. Kan. Mar. 5, 2013).

[40]*Countryman v. Farmers Ins. Exch.*, 639 F.3d 1270, 1272–73 (10th Cir. 2011) (setting forth the "split of authority as to whether a procedural defect in a notice of removal requires remand to state court" and adopting the majority view that it is curable before or after thirty day period); *see also Christenson Media Grp., Inc. v. Lang Indus., Inc.*, 782 F. Supp. 2d 1213, 1217–18 (D. Kan. 2011).

[41]28 U.S.C. § 1447(c); *see Christenson Media Grp., Inc. v. Lang Indus., Inc.*, 782 F. Supp. 2d 1213, 1217–18 (D. Kan. 2011).

[42]*See Henderson v. Holmes*, 920 F. Supp. 1184, 1186–87 (D. Kan. 1996); *Propane Res. Supply & Mktg., LLC v. C.J. Creel & Sons*, No. 12-2758, 2013 WL 1446784, at *3–4 (D. Kan. Apr. 9, 2013).

[43]*Henderson*, 920 F. Supp. at 1186–87; *Propane Res. Supply & Mktg., LLC*, 2013 WL 1446784, at *3–4.

and although she did not sign the document, she approved it prior to filing.  There is no evidence in the record of bad faith; CCS filed the November 19 consent along with its response to the motion to remand, despite advancing a non-frivolous argument that it need not consent due to improper service.

The Court further finds that the prejudice to Plaintiff in denying remand under the circumstances is quite low.[44]  Regardless of CCS's failure to timely consent, Plaintiff would have likely filed her motion to remand on the basis of Gutierrez's Kansas citizenship and failure to consent.  Therefore, it is not apparent to the Court that CCS's failure to timely consent, standing alone, necessitated the instant motion.  Because the Court finds that CCS's failure to consent is curable, and that its attempt to cure is made in good faith and without prejudice to Plaintiff, it denies Plaintiff's motion to remand on the basis of CCS's late-filed consent.  The Court does not suggest that all procedural defects should be overlooked.  Instead, the Court finds that under the narrow circumstances of this case, CCS's November 19 consent is sufficient to cure the procedural defect.

Because the Court declines to remand this action, Plaintiff shall respond to the Defendants' motions to dismiss within twenty-one days of this Order.  Its request for attorneys' fees is moot.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's Motion to Remand to State Court (Doc. 18) is **denied**.  Plaintiff's Motion for Attorney Fees and Costs Pursuant to 28 U.S.C. § 1447(c) is therefore **moot**.

---

[44]*Cf. Caterpillar, Inc. v. Lewis*, 519 U.S. 61, 64, 75–78 (1996) (holding that failure to properly remand is not fatal when jurisdictional requirements are met prior to final judgment after considering finality, efficiency, economy, and prejudice to the non-removing party).

**IT IS FURTHER ORDERED** that Plaintiff's Motions to Stay Deadlines (Docs. 20, 21) regarding the Defendants' motions to dismiss is **granted**.  Plaintiff shall respond to the motions to dismiss (Docs. 8, 10, and 16) within twenty-one days of this Order.

**IT IS SO ORDERED**.

Dated: February 12, 2015

 S/ Julie A. Robinson

JULIE A. ROBINSON

UNITED STATES DISTRICT JUDGE